UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

No. 22-272
_____

BALTIMORE LUTHERAN HIGH SCHOOL ASSOCIATION, D/B/A
CONCORDIA PREPARATORY SCHOOL,

Petitioner,

v.

DONNA BUETTNER-HARTSOE, AND N.H., A MINOR, BY AND THROUGH
HER PARENT AND NEXT FRIEND, DONNA BUETTNER-HARTSOE,

Respondents.
_____

*On Petition from the United States District Court for the District of Maryland,
Case No. 1:20-cv-03132 (Bennett, R.)*
_____

**REPLY TO OPPOSITION TO PETITION FOR LEAVE TO APPEAL
PURSUANT TO 28 U.S.C. § 1292(B)**
_____

                                                 Gregg E. Viola
                                                 Mark P. Johnson
                                                 Eccleston and Wolf, P.C.
                                                 7240 Parkway Drive, 4th Floor
                                                 Hanover, MD  21076
                                                 410-752-7474
                                                 viola@ewmd.com
                                                 johnson@ewmd.com
                                                 *Attorneys for Petitioner*

Petitioner Baltimore Lutheran High School Association, Inc., doing business as Concordia Preparatory School, pursuant to Federal Rule of Appellate Procedure 27, hereby respectfully submits this Reply to Opposition to Petition for Leave to Appeal Pursuant to 28 U.S.C. § 1292(b).

Respondents' Opposition argues that this Court should deny the Petition because the Supreme Court and the Eleventh Circuit Court of Appeals have "deal[t] squarely with this exact issue" of whether tax exemption under 26 U.S.C. § 501(c)(3) constitute receipt of federal financial assistance for purposes of Title IX of the Education Amendments Act of 1972. *See* Doc. 13 at p.16. This could not be further from an accurate recitation of the law. The Supreme Court has never addressed the issue, and the District Court's Memorandum Opinion, upon which Respondents rely, reaches the same conclusion. *See* Doc. 2-2 at p.8-9 ("Neither the Supreme Court nor the United States Court of Appeals for the Fourth Circuit have directly addressed whether tax-exempt status under § 501(c)(3) constitutes federal financial assistance for purposes of Title IX.").

Moreover, Respondents' reference to the Eleventh Circuit is to the decision in *M.H.D. v. Westminster Sch.*, 172 F.3d 797, 802 n.12 (11th Cir. 1999), in which the court addressed a subject matter jurisdiction question and stated that the "allegation that tax-exempt status constitutes 'Federal financial assistance' is neither immaterial nor wholly frivolous." Even a cursory review of the footnote cited by Respondents

leads to the conclusion that, contrary to Respondents' suggestion, the Eleventh Circuit has not "found that a private high school's tax-exempt status constituted federal financial assistance to render it subject to Title IX." *See* Doc. 13 at p.5.

Based upon the case law cited in the pending Petition, it is clear that there are opposing decisions in District Court across the county on the question presented such that there is a substantial ground for difference of opinion warranting immediate interlocutory appeal. *See* Doc. 2-1 at p.16 (citing six cases in which district courts have concluded that § 501(c)(3) tax exempt status does not equal federal financial assistance, and three other cases that have expressed doubt on the issue, and three district court decisions that have reached the opposite conclusion).

Lastly, Respondents' Opposition argues that this Court should deny the Petition because an interlocutory appeal would not materially advance the litigation because Respondents have non-Title IX claims that would have to proceed in court. This narrow view of what constitutes material advancement of litigation is not supported by case law. As this Court recently stated in *In re Trump*, 928 F.3d 360, 371 (4th Cir. 2019) (citing *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004), the "may materially advance the ultimate termination of the litigation" standard "is not a difficult requirement to understand. It means that resolution of a controlling legal question would serve to avoid a trial **or otherwise substantially shorten the litigation**." (emphasis added). This Court should grant

the Petition because resolution of the question presented could materially advance the ultimate termination of this litigation by substantially shortening the litigation by eliminating the complex issues surrounding Title IX. If this Court holds that the tax exemption is not federal financial assistance, it would simplify litigation and eliminate the need for further proceedings relative to Title IX. The litigation would be narrowed and proceed in a more efficient and streamlined manner, and the parties would avoid trial on Title IX issues and all attendant preparation including motion in limine practice, drafting of jury instructions and voir dire on Title IX, and certain witness preparation.

Conversely, not knowing the result of the appeal will also hamstring the parties and have an impact on any future settlement discussions. Recoverable damages on the Title IX claim differ from the recoverable damages under Maryland state law negligence and tort claims, and the parties need to know the result of the appeal to know the ceiling or range of recoverable damages to limit or frame future settlement discussions. Going into settlement negotiations without knowing the result of the appeal would impair the parties' ability to reach a potential resolution and would protract the litigation because it would require the parties to litigate all five cases through trial and then appeal.

Furthermore, it cannot be lost that the resolution of the certified question is of critical importance to private independent schools and non-profit entities who need

guidance on whether Title IX and other Spending Clause legislation apply based solely upon tax exempt status. Although Respondents attempt to argue that the question presented is inextricably tied to the facts of the case, the plain and unambiguous language of the question certified by the District Court requires the opposition conclusion. As evidenced by the gravitas of the multiple amici briefs filed before this Court, the certified question raises a controlling legal issue that should be decided on an interlocutory basis.

WHEREFORE, for the foregoing reasons, and those previously stated in its Petition, Petitioner respectfully requests that the Court grant this Petition for Leave to Appeal Pursuant to 28 U.S.C. § 1292(B).

Dated: September 29, 2022  Respectfully submitted,

*/s/Gregg E. Viola*  */s/Mark P. Johnson*
Gregg E. Viola (25737)  Mark P. Johnson (29091)
ECCLESTON & WOLF, P.C.  ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center  Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor  7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378s  Hanover, MD 21076-1378
(410) 752-7474 (phone)  (410) 752-7474
(410) 752-0611 (fax)  (410) 752-0611 (fax)
E-mail: viola@ewmd.com  E-mail: johnson@ewmd.com
*Attorney for Petitioner*  *Attorney for Petitioner*

## CERTIFICATE OF COMPLIANCE

This document was printed in 14 point Times New Roman. This document complies with Fed. R. App. P. 5(c)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 856 words.

                                         */s/Mark P. Johnson*
                                         Mark P. Johnson (29091)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of September, 2022, copies of the foregoing were served by ECF on all counsel of record.

                                         */s/Mark P. Johnson*
                                         Mark P. Johnson (29091)